1                  IN THE UNITED STATES DISTRICT COURT

2                   FOR THE DISTRICT OF RHODE ISLAND

3

4

        * * * * * * * * * * * * * * *    C.R. NO. 17-004-JJM
5                                    *
    UNITED STATES OF AMERICA          *
6                                    *
        VS.                          *    NOVEMBER 13, 2018
7                                    *    3:00 P.M.
    JAY GACCIONE                       *
8                                    *
        * * * * * * * * * * * * * * *    PROVIDENCE, RI
9

10           BEFORE THE HONORABLE JOHN J. McCONNELL, JR.,

11                           DISTRICT JUDGE

12                     (Change of Plea Hearing)

13                         **E X C E R P T**

14

15    APPEARANCES:

16    FOR THE GOVERNMENT:    DENISE M. BARTON, AUSA
                            U.S. Attorney's Office
17                          50 Kennedy Plaza
                            Providence, RI   02903
18
      FOR THE DEFENDANT:    KEVIN J. FITZGERALD, ESQ.
19                          Federal Defender's Office
                            10 Weybosset Street
20                          Providence, RI   02903

21    Court Reporter:       Karen M. Wischnowsky, RPR-RMR-CRR
                            One Exchange Terrace
22                          Providence, RI   02903

23

24

25

1    **BEGINNING OF EXCERPT**

2    13 NOVEMBER 2018 -- 3:00 P.M.

3         MS. BARTON:  Your Honor, as to Counts I, II,

4    III, V and VI, the charges of 18 U.S.C. 2251(a), sexual

5    exploitation of a minor, the four elements of that

6    offense are, first, that the Defendant employed, used,

7    persuaded, induced, enticed or coerced a minor victim

8    to engage in sexually explicit conduct; second, at the

9    time the minor victim or the victim was under the age

10   of 18; third, the Defendant acted with a purpose of

11   producing a visual depiction of such conduct; and

12   fourth, the visual depiction was produced or

13   transmitted using materials that have been mailed,

14   shipped or transported in or affecting interstate or

15   foreign commerce by any means, including computer.

16        The term "sexually explicit conduct" includes

17   the following actual or simulated acts:  Sexual

18   intercourse, including oral-genital, masturbation or

19   lascivious exhibition of the genitals or pubic area of

20   any person.

21        As to Counts I through III and V, which are four

22   of the five sexual exploitation of a minor counts to

23   which the Defendant is pleading, the United States

24   would present evidence that the Defendant, Jay

25   Gaccione, caused Minor Victim Number 1, who is his

1    daughter, to engage in sexually explicit conduct,

2    specifically the lascivious exhibition of her genitals

3    or pubic area, and that he photographed it on four

4    different dates:  April 16th, 2014; May 10th, 2014;

5    July 21, 2014; and October 13th, 2015.

6           The evidence would also show that Minor Victim

7    Number 1 was between the ages of 12 and 14 years old on

8    these dates.

9           Specifically, and in summary, your Honor, as to

10   Count I, on or about April 16th, 2014, the Defendant

11   took photographs of Minor Victim 1 in various stages of

12   undress.  One of those images depicts a close-up image

13   of her vagina, and the other depicts a close-up image

14   of her anus and vagina.

15          As to Count II, on or about May 10th, 2014, the

16   Defendant took three sexually explicit images of Minor

17   Victim Number 1.  One image shows her pulling her pants

18   down and showing her vaginal area, and two images show

19   her touching and inserting her fingers in her vagina.

20          As to Count III, on or about July 21, 2014, the

21   Defendant took a photograph of Minor Victim Number 1 in

22   which she is pulling her underpants aside and exposing

23   her vagina.

24          As to Count V, on or about October 13th, 2015,

25   the Defendant took photographs of Minor Victim Number 1

1     again in various stages of undress.  In one of those

2     images, she is standing up, pulling her pants down and

3     exposing her vagina.

4          As to Count VI, the last sexual exploitation of

5     a minor count to which the Defendant is pleading, the

6     United States would present evidence that on or about

7     April 24th, 2016, when his daughter was 14 years old,

8     the Defendant, Jay Gaccione, caused her to engage in

9     sexually explicit conduct and photographed and videoed

10    it.

11         Specifically, on that date he photographed her

12    orally copulating him, and he videoed the lascivious

13    exhibition of her anus and vagina; and during the

14    filming, he directed her to masturbate.

15         The images and video described previously were

16    produced on materials that had been mailed, shipped or

17    transported in or affecting interstate or foreign

18    commerce.  Specifically, the micro SD card containing

19    the images alleged in Counts I through III and the

20    other micro SD card containing the images alleged in

21    Count V -- the images and video alleged in Counts V and

22    VI were both produced in China.

23         Would your Honor like me to continue with the

24    other count?

25         As to Count VII, your Honor, charging

1      distribution of child pornography in violation of

2      18 U.S.C. 2252(a)(2), the first element of that offense

3      is that the Defendant knowingly distributed a visual

4      depiction; second, the Defendant knew the visual

5      depiction was of or showed a minor engaging in sexually

6      explicit conduct; and three, the visual depiction was

7      shipped or transported using any means or facility of

8      interstate or foreign commerce or was shipped or

9      transported in or affecting interstate or foreign

10     commerce or contains materials which have been so

11     shipped, including by computer.

12         As to Count VII, the United States would produce

13     evidence that on or about April 29th, 2016, the

14     Defendant was communicating via Gmail and Sprint

15     messaging service with an individual who was in South

16     Africa.

17         On that date, that individual in South Africa

18     told the Defendant that he had images of his three- and

19     five-year-old children and would trade for like value;

20     and after sending those images to the Defendant, they

21     discussed sexual aspects of the images sent to the

22     Defendant.

23         Thereafter, the Defendant told that individual

24     that he had images of his 15-year-old daughter, who was

25     actually 14, and he sent six images to that individual

1    in South Africa.

2          Counts XIII and IX allege violation of Title 18

3    United States Code 2252(a)(4)(B), possession of child

4    pornography.  The first of four elements of that

5    offense are that the Defendant knowingly possessed any

6    computer, computer storage medium or matter which the

7    Defendant knew contained a visual depiction of a minor

8    engaged in sexually explicit conduct; second, the

9    Defendant knew the visual depiction contained in the

10   storage medium was of or showed a minor engaged in

11   sexually explicit conduct; third, the Defendant knew

12   that the production of the visual depiction involved

13   the use of a minor engaged in sexually explicit

14   conduct; and fourth, the child pornography had been

15   mailed, shipped or transported using any means or

16   facility of interstate or foreign commerce or in or

17   affecting interstate or foreign commerce, including by

18   computer, or was produced using materials which had

19   been so mailed or so shipped.

20         As to Counts XIII and IX, the United States

21   would present evidence that the Defendant knowingly

22   possessed visual depictions of images and a video of a

23   person he knew to be a minor, his daughter, engaged in

24   sexually explicit conduct, including the images

25   described previously, and that those images were

1    produced using materials that had been mailed or

2    shipped or transported in interstate or foreign

3    commerce, specifically SD cards that had been

4    manufactured in and shipped from China.

5         Count VIII involves possession from a date not

6    later than April 16th, 2014, through November 4th,

7    2016, on an SD card, serial number ending XDAP.

8         Count IX involves possession from a date not

9    later than October 25th, 2015, and continuing through

10   November 4th, 2016, on an SD card with a serial

11   number -- sorry.  I apologize, your Honor.

12        As to Count VIII, the serial number actually

13   ended CABE.  The serial card, SD card for Count IX ends

14   in XDAP.  And that's it, your Honor.

15        THE COURT:  Thanks, Ms. Barton.

16        Mr. Gaccione, you heard the elements of the

17   eight counts that the Government has brought against

18   you.  I'd again remind you they'd have to prove each

19   and every one of those elements beyond a reasonable

20   doubt for you to be found guilty of any or all of those

21   counts.

22        You also heard the facts the Government would

23   prove if this case were to go to trial.  Do you admit

24   the facts as stated by the Government as true?

25        THE DEFENDANT:  Yes.

1          THE COURT:  Before I ask you about your change

2    of plea, Mr. Gaccione, do you have any questions for

3    the Court or do you want to confer with your attorney

4    about any matter?

5          THE DEFENDANT:  Just one thing.

6          THE COURT:  Sure.

7          (Defendant confers with counsel)

8          THE DEFENDANT:  I just wanted to say one thing.

9    She said that I sent pictures of my daughter to someone

10   in Africa or something like that.  I never sent any

11   pictures of her.  It was pictures of, you know, other

12   kids off the internet.

13         THE COURT:  I don't think, Ms. Barton, that that

14   change in facts would affect the elements of Count VII,

15   which is what Mr. Gaccione's referring to.  Is that

16   correct?

17         MS. BARTON:  Could I have a moment, your Honor?

18         THE COURT:  Sure.

19         (Pause)

20         MS. BARTON:  Your Honor, I think the charge

21   alleges that it was sent I believe on or about

22   April 29th.  What the evidence showed, in part

23   because of Mr. Gaccione's Mirandized interview, was

24   that Mr. Gaccione was communicating with members of

25   a -- I'm giving you the explanation because I think the

1      answer to your question is yes, I think it does matter,

2      and this is why.

3              Mr. Gaccione was communicating with members of

4      an online bulletin board, for lack of a better

5      description, of child pornographers who would upload

6      images and exchange images.

7              Mr. Gaccione admitted when he was interviewed by

8      agents that he had uploaded some images or shared

9      images.  I don't know if it was an upload or share; but

10     in any event, he shared images and represented to the

11     community that these were images of his children.

12             And the members of the community effectively

13     called him out and called him on his BS; and they said

14     no, these are known images.  Like, we know these aren't

15     your kids.

16             So what Mr. Gaccione admitted when he was

17     interviewed by agents on the day of his arrest was that

18     he began taking pictures of his daughter to share with

19     members of the bulletin board, that he took pictures of

20     her chest and vagina, and he said that he sent them to

21     another individual.

22             We have the communications going back and forth

23     between him and this South African individual, Mr. Kahn

24     Burn, who was picked up as part of a Homeland Security

25     investigation in Pretoria, where we have six images

1     that were sent by Mr. Gaccione to Mr. Burn on that

2     date, and it was after he had represented that he was

3     sending images of his daughter.

4          So those are the images that we are charging.

5     There were other images that Mr. Gaccione, and I

6     believe those are the images that he's referring to,

7     did, in fact, send to other members of the community

8     that were random, for lack of a better word, images of

9     child pornography not involving his child.

10         So as charged, we're referring to six -- was it

11    six or three?  Six images that were sent on April 29th.

12         THE COURT:  Right, but --

13         MS. BARTON:  I don't know the date of the other

14    upload.  It could have been April 29th.  It could have

15    been April 30th.  I suppose, your Honor, the "on or

16    about" might give some flexibility --

17         THE COURT:  But also if Mr. Gaccione is willing

18    to admit that on April 29th he distributed via the

19    internet photographs of a minor that meet the elements

20    of child pornography, I don't have them handy here, but

21    meet those elements, for purposes of change of plea,

22    the identity of the minor is irrelevant, isn't it?

23         MS. BARTON:  I think it could be for this, your

24    Honor.  I do, however, just want to relay to

25    Mr. Gaccione and to the Court that I do think this

1    calls into question whether or not there would be

2    acceptance of responsibility when the guidelines are

3    calculated because this goes directly opposite to

4    something that Mr. Gaccione said in a recorded

5    interview.

6            THE COURT:  Let me hear from Mr. Fitzgerald.

7            MS. BARTON:  So I do think that is an issue.

8            MR. FITZGERALD:  Well, the identity of the

9    person in the picture is not an element of the charge,

10   your Honor.  That's something we can handle.  I think

11   you can take the plea based on what he's admitted to

12   today.

13           As far as whether or not the Government thinks

14   he's accepting responsibility, that's up to the Court

15   at sentencing.  And, unfortunately, the guideline range

16   is going to be so high that I'm not sure that makes

17   much of a difference, but if the Government -- I

18   certainly could talk to Ms. Barrett after today and --

19           THE COURT:  Barton.

20           MR. FITZGERALD:  Excuse me?

21           THE COURT:  Barton.

22           MR. FITZGERALD:  Barton.  I'm sorry.  After

23   today and perhaps clear this up.

24           THE COURT:  I actually think that this issue can

25   be postponed until the time of sentencing because, as I

1    did my little checklist as you were reading the facts

2    and from what I understand Mr. Gaccione is willing to

3    admit to, that he is willing to admit to all of the

4    facts sufficient to meet each and every one of the

5    elements of the charge even though he's now disputing

6    the identity of the child in the photographs on

7    April 29th.  So I think we can leave that part for

8    another date.

9            MS. BARTON:  Okay.

10            THE COURT:  So why don't you both have a seat.

11            Mr. Gaccione, let me ask you this if you can

12    follow it.  As you have amended the facts that

13    Ms. Barton stated, as you have amended the facts as she

14    stated, do you admit to those facts as Ms. Barton

15    stated as you've amended?

16            THE DEFENDANT:  Yes.

17            THE COURT:  And let me ask you one more time, do

18    you -- are there any other matters that you want to

19    discuss with your attorney?

20            THE DEFENDANT:  No.  I'm okay.

21            THE COURT:  Or have any questions for the Court?

22            THE DEFENDANT:  All set.

23            THE COURT:  Okay.  How do you now plead to the

24    eight counts, Counts I, II, III, V, VI, VII, VIII and

25    IX, contained in the Indictment, guilty or not guilty?

1          THE DEFENDANT:  Guilty.

2          THE COURT:  This Court has heard from the

3     Government the evidence it would present if this matter

4     were to go to trial.  The Court has questioned the

5     Defendant regarding his understanding of the nature of

6     these proceedings and the consequences of entering a

7     plea of guilty to the charge.

8          It is, therefore, the finding of this Court in

9     the case of the United States versus Jay Gaccione that

10    the Defendant is capable -- fully capable and competent

11    to enter an informed plea, that the Defendant is aware

12    of the nature of the proceedings and the consequences

13    of the plea and that the plea of guilty is a knowing

14    and voluntary plea supported by an independent basis in

15    fact containing each of the essential elements of each

16    of the charges; and, therefore, the plea is accepted,

17    and the Defendant is now adjudged guilty of those

18    offenses.

19         Sentencing will be set down for February 20th,

20    2019, at 11 a.m.

21         Ms. Barton, anything further for the Government?

22         MS. BARTON:  Nothing, your Honor.

23         THE COURT:  Mr. Fitzgerald, anything further for

24    Mr. Gaccione?

25         MR. FITZGERALD:  Nothing today, your Honor.

1       Thank you.

2               THE COURT:  Great.  Thanks.  We'll stand

3       adjourned, folks.

4               THE DEFENDANT:  Thank you.

5               (Adjourned)

6

7                       *  *  *  *  *  *  *

8                   C E R T I F I C A T I O N

9

10

11              I, Karen M. Wischnowsky, RPR-RMR-CRR, do

12      hereby certify that the foregoing pages are a true and

13      accurate transcription of my stenographic notes in the

14      above-entitled case.

15

16                      December 12, 2018

17                      Date

18

19

20                      /s/ Karen M. Wischnowsky

21                      Karen M. Wischnowsky, RPR-RMR-CRR
                        Federal Official Court Reporter
22

23

24

25